# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist AARON D. AMAYA**
**United States Army, Appellant**

ARMY 20120406

Headquarters, United States Army Alaska
David L. Conn, Military Judge
Colonel Tyler J. Harder, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Imogene M. Jamison, JA; Captain A. Jason Nef, JA; Captain Ian M. Guy, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Catherine Brantley, JA; Captain Daniel M. Goldberg, JA (on brief).

24 February 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of three specifications of failure to obey a lawful order and one specification each of aggravated sexual assault, wrongful sexual contact, obstructing justice, and furnishing alcohol to a minor, in violation of Articles 92, 120, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 920, 934 (2006 & Sup. IV 2011), *amended by* 10 U.S.C. § 920 (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for six years, forfeiture of all pay and allowances, and reduction to E-1.  Pursuant to a pretrial agreement, the convening authority approved the adjudged sentence except that he only approved forty-eight months of confinement and credited appellant with 130 days of confinement.

Appellant's case is before this court for review pursuant to Article 66, UCMJ. Appellant raises three assignments of error and personally raises matters pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982). One assignment of error warrants discussion and relief. We find the military judge abused his discretion when he accepted appellant's plea to Specification 1 of Charge III, obstructing justice. Specifically, the military judge failed to inquire how appellant's conduct was prejudicial to good order and discipline or service discrediting, and did not elicit any factual basis for the terminal element of the obstruction of justice charge.

## BACKGROUND

At the time of trial, the appellant was a twenty-three year old soldier with five years of service. On 1 October 2011, appellant and Specialist (SPC) AN went to a party together at a local club. Appellant and SPC AN were friends, and had been out together on a few dates prior to that evening. After the party, they returned to the barracks. Appellant provided SPC AN, who was nineteen years old, with alcohol. Appellant's roommate left the room about 0130, and appellant asked SPC AN to stay until 0200, when he planned to leave and pick up a friend from the airport. Appellant began kissing and touching SPC AN, she turned her head away and put her hands up to block him. He pushed her back onto the bed and sexually assaulted her. Specialist AN asked him stop, and he continued with intercourse for another fifteen seconds despite her repeatedly asking him to stop. He finally stopped, and SPC AN got dressed and left the room. She then called her boyfriend and her mother.

The next morning, the command escorted appellant to the installation Criminal Investigation Command (CID) office. The CID agent detailed to interview appellant determined that appellant smelled like alcohol, and instead of questioning him, obtained a magistrate's authorization to conduct a sexual assault examination of appellant. Upon release from CID, appellant sent an apologetic text to SPC AN and asked her not to "press charges against me."

On 4 October, appellant's commander issued him an order not to travel outside of the installation, not to enter establishments that served alcohol, and not to consume alcohol.

A few weeks later, appellant and several other soldiers were drinking at appellant's girlfriend's on-post residence in contravention of his commander's order. The group then moved to an on-post club, where appellant drank more alcohol. A few hours later, appellant's girlfriend left the club to return home, and the remaining members of the group went to an off-post club. Appellant had another drink there. At approximately 0200 the next morning, another soldier dropped off appellant and SPC JL at appellant's girlfriend's house. Specialist JL appeared to be heavily intoxicated. She lay down on the couch in the living room to sleep, and appellant's girlfriend was in her own room. As SPC JL was sleeping, appellant digitally

2

penetrated her. When she awoke the next day she asked what had happened, and appellant made incriminating statements. She reported the incident to her unit, and the commander placed appellant into pretrial confinement until his court-martial.

## LAW AND DISCUSSION

"During a guilty plea inquiry the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *United States v. Inabinette*, 66 M.J. 320, 321–22 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). We review a military judge's decision to accept a plea for an abuse of discretion by determining whether the record as a whole shows a substantial basis in law or fact for questioning the guilty plea. *Id.* at 322; UCMJ art. 45; Rule for Courts-Martial [hereinafter R.C.M.] 910(e).

The accused must admit every element of the offense to which he pleads guilty. *See* R.C.M. 910(e) discussion. A providence inquiry must set forth, on the record, the factual bases that establish that the acts of the accused constituted the offense to which he is pleading guilty. *United States v. Care*, 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969). Where appellant only admits to the elements, and the totality of the inquiry fails to clarify the factual basis to support appellant's actions, the plea is improvident. *See United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F. 2002). However, when appellate courts review a "bare bones" providence inquiry, the court should look to the entire record to determine whether appellant's plea is provident. *Id.* at 239.

The government charged appellant with wrongfully endeavoring to impede a criminal investigation by telling SPC AN "don't press charges against me," or words to that effect, in violation of Article 134, "such conduct being prejudicial to good order and discipline in the armed forces and of a nature to bring discredit upon the armed forces." *See Manual for Courts–Martial, United States* (2008 ed.), pt. IV, ¶ 96.b. The military judge provided the correct elements and definitions for the charged offense. He then conducted a very thorough inquiry of all elements of the offense except for the terminal element. In fact, the military judge never asked appellant if his conduct was either prejudicial to good order and discipline or service discrediting. Our superior court in *Jordan* cautioned "it is not enough to elicit legal conclusions." *Id.* at 238. The judge here did not even elicit any responses from appellant as to the terminal element. Moreover, the stipulation of fact provided only a recitation of the elements and did not provide any facts to support the conclusions. Accordingly, on the record before us, we find a substantial basis in fact to question appellant's pleas to violating Clause 1 and 2 of Article 134, UCMJ.

## CONCLUSION

On consideration of the entire record, the finding of guilty of Specification 1 of Charge III is set aside. The remaining findings of guilty are AFFIRMED. We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of the circumstances presented by appellant's case, and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). Appellant's approved punishment was substantially below the maximum authorized punishment, which included a dishonorable discharge and thirty-eight years and one month confinement. Appellant pleaded guilty in a trial by judge-alone and we "are more likely to be certain of what a military judge would have done as opposed to members." *Wincklemann*, 73 M.J. at 16. While the finding of guilty that we set aside was not insignificant, the remaining charges fully capture the gravamen of appellant's criminal conduct. Appellant committed an aggravated sexual assault against an underage soldier to whom he provided alcohol after being ordered to avoid situations with alcohol. Several weeks later he drank alcohol, left the installation, and went to a bar in direct violation of his commander's orders. Even worse, he committed another sexual assault. Finally, based on our experience with the remaining convictions, we are confident that we can reliably assess what sentence a military judge would have imposed on the remaining findings of guilt. *Id*.

Consequently, we are confident the military judge would have adjudged a sentence no less severe than that approved by the convening authority in this case. Additionally, we find that the sentence approved by the convening authority is appropriate. *See* UCMJ art. 66. The sentence as approved by the convening authority is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court